IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORI CANINI | § | |
| | § | |
| V. | § | C.A. No. _____ |
| | § | |
| CIGNA HEALTH AND LIFE | § | |
| INSURANCE COMPANY and | § | |
| EVERNORTH BEHAVIORAL | § | |
| HEALTH, INC. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

LORI CANINI sues Defendants for violating the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA"). Despite repeated requests for her claim file so that she can appeal the wrongful denial of her health insurance claim, Defendants continue to ignore Ms. Canini. She cannot appeal the decision without these documents. This Complaint challenges Defendants' 1) failure to disclose all relevant documents used in their decision to deny Ms. Canini's benefits as required by ERISA; 2) failure to provide Ms. Canini with a full and fair review of her claim; and 3) failure to provide a reasonable claims procedure that would yield a decision on her claim. Ms. Canini seeks the documents required to permit her to perfect her appeal, to clarify and enforce her rights under the Plan and ERISA, and to recover costs and attorneys' fees as provided by ERISA.

## I.
## PARTIES

1. Lori Canini is a resident citizen of Conroe, TX.

2. Defendant Cigna Health and Life Insurance Company ("Cigna") is a domestic or foreign corporation licensed to do business and doing business in the State of

Texas. It may be served through its registered agent, CT Corporation System, 350 N. Paul St., Dallas, TX 75201, or wherever it may be found.

3. Defendant Evernorth Behavioral, Inc. ("Evernorth") is a domestic or foreign corporation licensed to do business and doing business in the State of Texas. It may be served through its registered agent, the Texas Commissioner of Insurance, 1601 Congress Ave., Austin, TX 78701-1407, or wherever it may be found.

## II.
## JURISDICTION AND VENUE

4. This action against Defendants arises under ERISA, 29 U.S.C. §1001 *et seq*. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

5. Venue is proper in this District and Division pursuant to 29 U.S.C. §1132(e)(2) because Defendants maintain business activity in and are in this district.

6. Pursuant to 29 U.S.C. §1132(h), this Complaint has been served upon the Secretary of Labor, Pension and Welfare Benefits Administration, at 200 Constitution Avenue N.W., Washington, D.C. 20210 and the Secretary of the Treasury at 111 Constitution Avenue N.W., Washington, D.C. 20024, by certified mail return receipt requested.

## III.
## STATEMENT OF FACTS

7. Plaintiff was at all relevant times a covered beneficiary under an employee welfare benefit plan created and administered by The JPMorgan Chase Medical Plan. As a covered participant, Plaintiff was entitled to health care benefits under the Plan.

8. JPMorgan Chase was the employer and plan sponsor of the Plan.

9. Cigna was the insurer for the Plan.

10. Evernorth was the plan administrator and/or claim administrator of the Plan.

11. Defendants purported to act as ERISA claims fiduciaries with respect to participants of The JPMorgan Chase Medical Plan, generally, and specifically, with respect to Jesse, within the meaning of ERISA.

Policy Terms

12. JPMorgan Chase issued a health insurance policy that was intended to provide benefits to assist its employees and beneficiaries with health care expenses.

13. The Policy provided both in-network and out-of-network benefits for medical treatment. These benefits applied to residential treatment center expenses.

14. The Policy established an allowable amount it would pay for eligible expenses incurred. The Policy permitted Cigna to establish allowable amounts for medically necessary expenses payable to both in-network and out-of-network medical providers.

15. The Policy provided coverage for mental health treatment on an inpatient and outpatient service basis if it was medically necessary.

16. Neither Cigna nor Evernorth had discretionary authority to determine a claimant's eligibility for health insurance benefits and to interpret the terms and provisions of the Plan.

Plaintiff's Medical Treatment

17. Plaintiff suffers from a progressive, serious mental illness.

18. In 2021, Plaintiff's mental illness manifested into long term suicidal ideation. She was admitted to various mental health facilities in New Jersey and Maryland.

19. She also sought mental health treatment at the Neurological Research Institute of Florida.

20. Cigna advised that the Neurological Research Institute of Florida was not in the Plan network. Instead, because "using in-network providers is good for your health and wallet", it recommended that she go to the Center for Discovery ("Center") in Connecticut.

## Claim Denial

21. Ms. Canini received residential treatment at Center in August and September 2022.

22. Cigna denied the treatment as not medically necessary.

23. The Center appealed the denial.

24. On August 22, 2022, Evernorth denied the appeal.

## Defendants Ignore Requests for Information and Documents

25. In the August 22, 2022 denial letter, Evernorth promised that "you are entitled to receive free of charge, copies of all documents, records and other information relevant to your appeal for benefits. This includes the benefit provision, guideline or protocol upon which the decision was made you can get copies of your relevant claim documents free of charge. This includes the rules, codes and guidelines we used in making the decision".

26. Ms. Canini hired the undersigned counsel to assist her in obtaining more information and appealing Defendants' wrongful denial of the claims.

27. On April 3, 2023, undersigned counsel wrote to Defendants, advising that they represented Ms. Canini in this claim and to provide the following documents:

    i. A complete copy of all documents, records, and other information relevant to Ms. Canini's claim for benefits from the dates of her treatment to the present. This information should include all documents, records, and other information that was submitted, considered, or generated while making the benefits determination, regardless of whether the information was relied

        upon in making your determination. This should also include a copy of the relevant policy or certificate of insurance.

    ii.    The full names and identities of all medically trained consultants, experts, or other professional that had a role in evaluating Ms. Canini's claim. The only person identified in your letter was a Mohsin Qayyum, M.D.

    iii.    A complete copy of the Policy that was in effect on Ms. Canini's dates of treatment and the time of claims submission.

*Exhibit 1*.

28. Two different authorizations, including a HIPAA authorization, were also sent.

29. The letter was sent to the address Evernorth listed in its August 22, 2022 denial letter for where to ask for claim documents.

30. The letter was also sent to Cigna's Appeal Department.

31. Defendants did not respond.

32. On May 4, 2023, undersigned counsel made a second request for the same documents to Defendants. *Exhibit 2*.

33. Defendants did not respond.

34. In a phone call later that day, Cigna advised that any request for documents had to go to its Legal Department. Undersigned counsel thus made a third request for the same documents to Defendants. *Exhibit 3*.

35. Defendants did not respond.

36. On May 18, 2023, undersigned counsel made a fourth request for the same documents to Defendants. *Exhibit 4*.

37. Defendants did not respond.

38. On May 23, 2023, undersigned counsel made a fifth request for the same documents to Defendants. *Exhibit 5*.

39. Evernorth did not respond.

40. In letters dated May 11 and 12, Cigna advised that all requests for documents had to go through Conduent Payment Integrity Solutions, a company who handles Cigna's "subrogation process".

41. Cigna did not produce any documents.

42. Defendants' thirty (30) days to respond to Plaintiff's request for a copy of her Claim File expired on May 3, 2023.

43. Defendants will not respond unless they are forced to defend themselves in this lawsuit.

44. Defendants will not produce Ms. Canini's claim file unless they are forced to defend themselves in this lawsuit.

45. Due to Defendants' denial of the claim, Plaintiff is forced to pay out of pocket for any additional mental health treatment. The treatment is covered under the Policy.

46. Plaintiff is unable to effectively appeal Defendants' denial because Defendants have ignored her repeated requests for documents.

### ERISA Disclosure Requirements

47. Administrators have an obligation to provide information to Plan participants and beneficiaries. This obligation includes a duty to respond to written requests for information about employee benefits and the documents relevant to a claim for benefits. Plan participants and beneficiaries have a cause of action if administrators fail to provide the requested information.

48. Specifically, 29 U.S.C. §1132(c) provides for penalties for an administrator's refusal to supply required information. 29 U.S.C. §1132(c) indicates:

    (1)   ***Any*** administrator….[who fails to provide certain information]

        (B) who fails or refuses to comply with a request for any

> information which such administrator is ***required by this subchapter to furnish*** to ***a participant or beneficiary*** (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

49. The penalty is to be paid by any administrator who fails or refuses to comply with a request for information "which such administrator is required by this subchapter to furnish to a participant or beneficiary."

50. This penalty applies to the failure to provide the documents relevant to the Plan: "(4) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

51. In addition to the summary plan descriptions and other documents under which the plan is operated, 29 U.S.C. §1029 provides that the Secretary of Labor may also prescribe what other documents should be furnished:

> (c) Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries. The Secretary may prescribe the format and content of the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and ***any other report, statements or documents*** (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), ***which are required to be furnished or made***

7

> ***available to plan participants and beneficiaries receiving benefits under the plan.***

[emphasis added]

52. Pursuant to §109(c) and 502(c), the Secretary has authority to establish the format and content of what documents are required to be produced "by this subchapter." Therefore, "Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to . . . may in the court's discretion be personally liable" for a §502(c) penalty.

53. The Secretary also has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title. 29 U.S.C. §1135.

54. The Secretary of Labor's ERISA claim procedures regulations set out in 29 C.F.R. §2560.503-1 (h)(2)(iii) describe the documents an administrator must disclose upon written request.

55. To provide a full and fair review, a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

56. Whether a document, record, or other information is relevant to a claim for benefits is determined by reference to 29 C.F.R. §2560.503-1 (m)(8).

57. The Secretary explained at 29 C.F.R. §2560.503-1 (m)(8) that the following documents are relevant to the claim, and must be produced under ERISA:

> (8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information

8

(i) Was relied upon in making the benefit determination;

(ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

(iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

58. Defendants had an obligation to provide all the documents relevant to a claim that are required to be provided by the Department of Labor's ERISA claims regulations.

59. As claim administrators and insurer, Defendants had all the documents requested by Ms. Canini. Moreover, Defendants were the only entities with any obligation to provide the documents who also had documents she requested.

60. To date, Defendants have failed to produce Ms. Canini's claim file or any documents related to her claim.

61. Defendants' failure to respond to Ms. Canini's requests have prohibited her from determining her Plan rights and exhausting her ERISA administrative remedies.

## IV.
## CLAIMS & CAUSES OF ACTION
### A. Breach of Fiduciary Duty

62. The JPMorgan Chase Medical Plan is governed by ERISA. 29 U.S.C. §1001, *et. seq*. JPMorgan Chase is the plan sponsor and Plan Administrator. BCBS is the insurer for the Plan. Evernorth is the Plan Administrator and/or Claims Administrator.

63. As Plan fiduciaries, Defendants are obligated to handle claims for the benefit of the Plan and Plan beneficiaries, and to deliver the benefits promised in the Plan. They are also obligated as fiduciaries to conduct their investigation of a claim in a fair, objective, and evenhanded manner.

64. Instead, Defendants failed to provide Ms. Canini with the information required by ERISA to pursue their unsupported adverse benefit denial.

65. As a direct, proximate, and foreseeable result of Defendants' misconduct, Ms. Canini has been injured and is entitled to equitable and other relief.

66. Ms. Canini is entitled under 29 U.S.C. §1132 to an order requiring Defendants to provide her with the Claim File and the requested documents.

67. Ms. Canini's pursuit of this matter benefits all members of the Plan, particularly those individuals unaware of ERISA's disclosure requirements, the timeframes for those disclosures, and how to effectively appeal an adverse benefit decision.

### B. Document Penalty Claim

68. Under ERISA 29 U.S. Code §1132(a), "a civil action may be brought (1) by a participant or beneficiary (A) for relief provided for in subsection (c) of this section."

69. As a Plan participant and beneficiary, Ms. Canini has a right to enforce this obligation and seek redress of an administrator's violation.

70. Subsection (c) of 29 U.S.C. §1132 notes that any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary," shall be "in the court's discretion be personally liable to such participant or beneficiary in the amount of

up to $100 a day[1] from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

71. Cigna is the claims administrator and insurer of the Plan.

72. Evernorth is the Plan Administrator and/or Claim Administrator of the Plan.

73. Defendants control the entire claim and appeal process.

74. Under 29 U.S.C. §1132(c), the terms of the Plan, and Defendants' own interpretation of ERISA's requirements and the Plan terms, Defendants were obligated to provide Ms. Canini's Claim File to her within 30 days of a written request for information.

75. As of July 11, 2023, 69 days have passed since Defendants were required to disclose Ms. Canini's Claim File.

76. At $110 per day, Defendants should be penalized $7,590 for their failure to disclose Ms. Canini's Claim File pursuant to her written request.

77. Defendants' actions in failing to provide Ms. Canini with a copy of the documents relevant to their adverse benefit decision and the Plan documents is a violation of ERISA.

78. Ms. Canini has been harmed by Defendants' failure to provide these documents. Her ability to pursue her appeal of Defendants' adverse benefit decision has been negatively impacted by their failure to disclose a copy of Ms. Canini's Claim File and documents.

79. In the Fifth Circuit, a plaintiff may submit additional evidence in support of her claim even after appeals have been exhausted. Defendants have an obligation to

---

[1] The ERISA statute states the penalty is up to $100 per day. The maximum penalty amount was later adjusted to $110 per day by regulation. 29 C.F.R. §2575.502c-1.

review additional information. ("The administrative record consists of relevant information made available to the administrator prior to the . . . filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it".) *Vega v. National Life Ins. Services, Inc.*, 188 F.3d 287, 300 (5th Cir. 1999). *Vega* has been repeatedly upheld by the 5th Circuit, most recently in *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246 (5th Cir. 2018).

80. Defendants' disregard for ERISA's requirement that it disclose a copy of her Claim File in response to a denial of health insurance benefits mandates the application of the maximum penalty for the withholding of documents pursuant to ERISA.

## V.
## CLAIM FOR ATTORNEYS FEES & COSTS

81. Plaintiff seeks an award of her reasonable attorneys' fees incurred and to be incurred in the prosecution of this matter. She is entitled to recover those fees, together with her costs of court, pursuant to 29 U.S.C. §1132(g).

## VIII.
## PRAYER

Lori Canini, Plaintiff, respectfully prays that upon trial of this matter or other final disposition, this Court find in his favor and against Cigna and Evernorth, and issue judgment against Defendants as follows:

    A.    Against Defendants for the maximum allowable penalty for each separate violation of 29 U.S.C. §1132(c); and

    B.    That Defendants pay all reasonable attorney's fees incurred and to be incurred by Plaintiff in obtaining the relief sought herein, along with the costs associated with the prosecution of this matter; and

C.      All such other relief, whether at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

By: _/s/ Amar Raval_
Amar Raval, TBA #24046682
S.D. No. 619209
Berg Plummer Johnson & Raval LLP
3700 Buffalo Speedway, Suite 1150
Houston, TX 77098
(713) 526-0200
(832) 615-2665 (Fax)
araval@bergplummer.com

ATTORNEYS FOR PLAINTIFF