# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LORI CANINI, | ) Civil Action No. 4:23-cv-02625 |
| Plaintiff, | ) |
| | ) **DEFENDANTS' ANSWER TO** |
| | ) **PLAINTIFF'S COMPLAINT** |
| v. | ) |
| | ) Judge Keith P. Ellison |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY AND EVERNORTH BEHAVIORAL HEALTH, INC., | ) |
| Defendants. | ) |

Defendants Cigna Health and Life Insurance Company and Evernorth Behavioral Health, Inc. (together, "Cigna"), through undersigned counsel, submit their Answer to Plaintiff's Complaint ("Complaint") (Doc. No. 1) by responding as follows:

With respect to the paragraph between the headings "Plaintiff's Original Complaint" and "Parties," Cigna denies each and every allegation as alleged and respectfully refers all questions of law to the Honorable Court.

1. Cigna lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "1" of the Complaint and therefore denies the same.

2. Denies each and every allegation in paragraph "2" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Cigna Health and Life Insurance Company is headquartered in Connecticut.

3. Denies each and every allegation in paragraph "3" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Evernorth Behavioral Health, Inc. is headquartered in Minnesota.

4. Denies each and every allegation in paragraph "4" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that this Court has jurisdiction pursuant to 29 U.S.C. §1132(e) and that the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA") governs this dispute.

5. Denies each and every allegation in paragraph "5" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

6. Denies each and every allegation in paragraph "6" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court

7. Denies each and every allegation in paragraph "7" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that, at all relevant times, Plaintiff was a participant in an employee welfare benefit plan (the "Plan") provided through her employment with JPMorgan Chase & Co. ("JPMorgan"), which Plan includes healthcare benefits, and further admits that the Plan is an employee welfare benefit plan governed by ERISA.

8. Denies each and every allegation in paragraph "8" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that, at all relevant times, Plaintiff was a participant in the Plan provided through her employment with JPMorgan, and further admits that the Plan Sponsor is JPMorgan Chase Bank, NA.

9. Denies each and every allegation in paragraph "9" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that benefits

under the portion of the Plan covering the Plaintiff are self-funded by JPMorgan and that, at all relevant times, Cigna Health and Life Insurance Company served as a claims administrator for the Plan.

10. Denies each and every allegation in paragraph "10" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that, at all relevant times, Evernorth Behavioral Health, Inc. served as a claims administrator for the Plan, and further admits that the designated Plan Administrator is JPMorgan Chase U.S. Benefits Executive c/o JPMorgan Chase Benefits Administration.

11. Denies each and every allegation in paragraph "11" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

12. Denies each and every allegation in paragraph "12" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that, at all relevant times, Plaintiff was a participant in the Plan provided through her employment with JPMorgan, which Plan includes healthcare benefits.

13. Denies each and every allegation in paragraph "13" of the Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the Plan document governing Plaintiff's claims at issue for the terms, conditions, limitations, and exclusions set forth therein.

14. Denies each and every allegation in paragraph "14" of the Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the Plan document governing Plaintiff's claims at issue for the terms, conditions, limitations, and exclusions set forth therein.

15. Denies each and every allegation in paragraph "15" of the Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the Plan document governing Plaintiffs' claims at issue for the terms, conditions, limitations, and exclusions set forth therein.

16. Denies each and every allegation in paragraph "16" of the Complaint and respectfully refers all questions of law to the Honorable Court.

17. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claim. Cigna respectfully refers the Court to the complete administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determination, and otherwise denies the allegations in paragraph "17" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

18. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claim. Cigna respectfully refers the Court to the complete administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determination, and otherwise denies the allegations in paragraph "18" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

19. Cigna's knowledge of Plaintiff's medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiff's benefits claim. Cigna respectfully refers the Court to the complete administrative record pertaining to Plaintiff's

claim kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determination, and otherwise denies the allegations in paragraph "19" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

20. Denies each and every allegation in paragraph "20" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

21. Denies each and every allegation in paragraph "21" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that records reflect that Plaintiff was admitted to Discovery Practice Management, Inc. ("Discovery") on or about August 11, 2022.

22. Denies each and every allegation in paragraph "22" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that records reflect that, by letter dated August 15, 2022, Cigna issued an initial adverse benefit determination with respect to Plaintiff's claim for benefits under the Plan in connection with her residential treatment at Discovery as of August 11, 2022.

23. Denies each and every allegation in paragraph "23" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to

the facts and circumstances recorded therein, except admits that records reflect that Discovery submitted a first-level expedited appeal of Cigna's initial adverse benefit determination with respect to Plaintiff's claim for benefits under the Plan in connection with her residential treatment at Discovery as of August 11, 2022.

24. Denies each and every allegation in paragraph "24" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that records reflect that, by letter dated August 22, 2022, Cigna upheld its initial adverse benefit determination on first-level appeal.

25. Denies each and every allegation in paragraph "25" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

26. Cigna lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "26" of the Complaint.

27. Denies each and every allegation in paragraph "27" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that records reflect that Plaintiff's counsel sent a letter to Cigna dated April 3, 2023 and that Plaintiff accurately quotes from a portion of that letter.

28. Denies each and every allegation in paragraph "28" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that records reflect that, enclosed with Plaintiff's counsel's April 3, 2023 letter were signed forms titled "Authorization for the Release of Health Information" and "Authorization to Release Information and Records."

29. Denies each and every allegation in paragraph "29" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

30. Denies each and every allegation in paragraph "30" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

31. Denies each and every allegation in paragraph "31" of the Complaint and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

32. Denies each and every allegation in paragraph "32" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that records reflect that Plaintiff's counsel sent a letter to Cigna dated May 4, 2023.

33. Denies each and every allegation in paragraph "33" of the Complaint and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

34. Denies each and every allegation in paragraph "34" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

35. Denies each and every allegation in paragraph "35" of the Complaint and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

36. Denies each and every allegation in paragraph "36" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

37. Denies each and every allegation in paragraph "37" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

38. Denies each and every allegation in paragraph "38" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and

maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

39. Denies each and every allegation in paragraph "39" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

40. Denies each and every allegation in paragraph "40" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that the records reflect that Cigna sent letters to Plaintiff's counsel dated May 11, 2023 and May 12, 2023.

41. Denies each and every allegation in paragraph "41" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

42. Denies each and every allegation in paragraph "42" of the Complaint and respectfully refers all questions of law to the Honorable Court.

43. Denies each and every allegation in paragraph "43" of the Complaint and respectfully refers all questions of law to the Honorable Court.

44. Denies each and every allegation in paragraph "44" of the Complaint and respectfully refers all questions of law to the Honorable Court.

45. Denies each and every allegation in paragraph "45" of the Complaint and respectfully refers all questions of law to the Honorable Court.

46. Denies each and every allegation in paragraph "46" of the Complaint and respectfully refers all questions of law to the Honorable Court.

47. Denies each and every allegation in paragraph "47" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

48. Denies each and every allegation in paragraph "48" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

49. Denies each and every allegation in paragraph "49" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

50. Denies each and every allegation in paragraph "50" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

51. Denies each and every allegation in paragraph "51" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

52. Denies each and every allegation in paragraph "52" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

53. Denies each and every allegation in paragraph "53" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

54. Denies each and every allegation in paragraph "54" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

55. Denies each and every allegation in paragraph "55" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

56. Denies each and every allegation in paragraph "56" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

57. Denies each and every allegation in paragraph "57" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that Plaintiff accurately quotes from 29 C.F.R. §2560.503-1(m)(8).

58. Denies each and every allegation in paragraph "58" of the Complaint and respectfully refers all questions of law to the Honorable Court.

59. Denies each and every allegation in paragraph "59" of the Complaint and respectfully refers all questions of law to the Honorable Court.

60. Denies each and every allegation in paragraph "60" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

61. Denies each and every allegation in paragraph "61" of the Complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY)

62. Denies each and every allegation in paragraph "62" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that the Plan is governed by ERISA, that the Plan Sponsor is JPMorgan Chase Bank, NA., that the Plan Administrator is JPMorgan Chase U.S. Benefits Executive c/o JPMorgan Chase Benefits Administration, that benefits under the portion of the Plan covering the Plaintiff are self-funded by JPMorgan, and that, at all relevant times, Cigna served as a claims administrator for the Plan.

63. Denies each and every allegation in paragraph "63" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

64. Denies each and every allegation in paragraph "64" of the Complaint and respectfully refers all questions of law to the Honorable Court.

65. Denies each and every allegation in paragraph "65" of the Complaint and respectfully refers all questions of law to the Honorable Court.

66. Denies each and every allegation in paragraph "66" of the Complaint and respectfully refers all questions of law to the Honorable Court.

67. Denies each and every allegation in paragraph "67" of the Complaint and respectfully refers all questions of law to the Honorable Court.

### AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION (DOCUMENT PENALTY CLAIM)

68. Denies each and every allegation in paragraph "68" of the Complaint and respectfully refers all questions of law to the Honorable Court, except admits that Plaintiff accurately quotes from a portion of 29 U.S.C. §1132(a).

69. Denies each and every allegation in paragraph "69" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that, at all relevant times, Plaintiff was a participant in an employee welfare benefit plan (*i.e.*, the Plan) governed by ERISA.

70. Denies each and every allegation in paragraph "70" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

71. Denies each and every allegation in paragraph "71" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that benefits under the portion of the Plan covering the Plaintiff are self-funded by JPMorgan and that, at all relevant times, Cigna served as a claims administrator for the Plan.

72. Denies each and every allegation in paragraph "72" of the Complaint as alleged

and respectfully refers all questions of law to the Honorable Court, except admits that the Plan Administrator is JPMorgan Chase U.S. Benefits Executive c/o JPMorgan Chase Benefits Administration and that, at all relevant times, Cigna served as a claims administrator for the Plan.

73. Denies each and every allegation in paragraph "73" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

74. Denies each and every allegation in paragraph "74" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

75. Denies each and every allegation in paragraph "75" of the Complaint and respectfully refers all questions of law to the Honorable Court.

76. Denies each and every allegation in paragraph "76" of the Complaint and respectfully refers all questions of law to the Honorable Court.

77. Denies each and every allegation in paragraph "77" of the Complaint and respectfully refers all questions of law to the Honorable Court.

78. Denies each and every allegation in paragraph "78" of the Complaint and respectfully refers all questions of law to the Honorable Court.

79. Denies each and every allegation in paragraph "79" of the Complaint and respectfully refers all questions of law to the Honorable Court.

80. Denies each and every allegation in paragraph "80" of the Complaint and respectfully refers all questions of law to the Honorable Court.

81. Denies each and every allegation in paragraph "81" of the Complaint and respectfully refers all questions of law to the Honorable Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This action and each allegation and purported causes of action asserted therein fail to state facts sufficient to constitute a cognizable claim for relief against Cigna.

### SECOND AFFIRMATIVE DEFENSE

Cigna acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted pursuant to the Plan. Accordingly, Plaintiff is barred from recovery for her claims against Cigna in this action.

### THIRD AFFIRMATIVE DEFENSE

All actions about which Plaintiff complains against Cigna were either required or permitted by the applicable law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead facts to support her claim for statutory penalties because Cigna is not the designated Plan Administrator.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead facts to support her claim for breach of fiduciary duty because she only seeks to remedy an alleged individual wrong.

### SIXTH AFFIRMATIVE DEFENSE

Cigna's purported breach of fiduciary duty did not cause any harm to Plaintiff because her deadline to submit a voluntary second-level appeal or a request for independent external review had expired before her counsel sent his first letter to Cigna dated April 3, 2023.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not submit a voluntary second-level appeal or a request for independent external review within the time limitations set forth in the Plan.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's recovery against Cigna, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan.

## NINTH AFFIRMATIVE DEFENSE

The claims and remedies sought by the Plaintiff are limited solely to those provided under ERISA, and all remedies and claims made by the Plaintiff not provided for under ERISA are preempted.

## TENTH AFFIRMATIVE DEFENSE

The Court's review of Plaintiff's claims against Cigna is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Cigna in the regular course of its business.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not properly pled a claim for attorneys' fees and any such claim is unwarranted and premature.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate the alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against one or more Defendant must be dismissed to the extent the Defendant did not act as a fiduciary of the Plan or render any fiduciary determinations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted

therein with sufficient particularity to enable Cigna to determine whether it may have additional defenses in this action. Therefore, Cigna reserves the right to assert such additional defenses if they later become apparent.

WHEREFORE, Defendants Cigna Health and Life Insurance Company and Evernorth Behavioral Health, Inc. pray:

1. That the action be dismissed, or that judgment be entered in favor of Defendants and against Plaintiff;

2. That Defendants be awarded costs of suit incurred herein;

3. That Defendants be awarded reasonable attorneys' fees; and

4. That Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated: September 14, 2023

*/s/Michael H. Bernstein*
Michael H. Bernstein (attorney-in-charge; *pro hac vice*)
Robinson & Cole LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Tel.: (212) 451-2900
Fax: (212) 451-2999
Email: mbernstein@rc.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that, on September 14, 2023, a true and correct copy of the foregoing was sent via the Court's CM/ECF system pursuant to local rules to:

Amar Raval
Berg Plummer Johnson & Raval, LLP
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
(713) 526-0200
(832) 615-2665 (Fax)
araval@bergplummer.com
*Attorney for Plaintiff*

Dated: September 14, 2023

*s/Michael H. Bernstein*
Michael H. Bernstein
